**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE ORB FACTORY LIMITED,<br>*Plaintiff*,<br>v.<br>J'ADORE OFFICIAL CORP.<br>*Defendant.* | Case No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff The Orb Factory Limited ("Plaintiff" or "Orb"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE CASE

1. Orb brings this action to protect its trademark rights in ORB and related ORB-formative marks against Defendant J'Adore Official Corp. ("Defendant") for its use of ORB in connection with competing sensory and squeeze toys.

2. Orb is a longstanding designer, manufacturer, and seller of children's toys, including squeeze toys, sensory toys, and related products. Since at least 1993, Orb has used ORB in commerce to identify the source of its goods. Through that use and related promotion and distribution, Orb has developed protectable common-law rights and goodwill in ORB (the "ORB Mark").

3. Orb has also amassed a portfolio of United States trademark registrations incorporating ORB, including federal registrations used in connection with toys and related goods (the "ORB Registered Marks"). The ORB Mark and ORB Registered Marks are referred to collectively as the "ORB Trademarks."

4. Defendant's challenged products use ORB in prominent product designations appearing on packaging and retailer listings. The parties' goods are closely related, target overlapping purchasers, and are promoted and sold through overlapping retail channels. These uses are likely to cause confusion concerning source, affiliation, sponsorship, or approval.

5. Orb seeks injunctive relief, appropriate monetary relief, and other remedies for infringement of registered and unregistered trademarks, false designation of origin and unfair competition under federal law, and related violations of New York law.

## THE PARTIES

6. Plaintiff The Orb Factory Limited is a limited company with its principal place of business at 225 Herring Cove Road, Halifax, Nova Scotia B3P 1L3, Canada.

7. Defendant J'adore Official Corp. is a Florida corporation with its principal place of business at 3252 NE 1st Avenue, Suite 200, Miami, Florida 33137.

8. Packaging for J'Adore-branded sensory toys bearing the challenged ORB designations identifies the same Miami address and the website <jadoreofficial.com>. Upon information and belief, Defendant participates in the commercialization of the Accused Products in the United States as further alleged below.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's claims arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the related New York state-law claims pursuant to 28 U.S.C. § 1367(a).

10. This Court has personal jurisdiction over Defendant under N.Y. C.P.L.R. § 302(a)(1) because, upon information and belief, Defendant transacts business in New York and/or contracts to supply goods in New York, including the accused products.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because, upon information and belief, a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the marketing, offering for sale, sale, and distribution of the accused products through retail channels serving consumers in this District.

## FACTS COMMON TO ALL CLAIMS

### A. Orb's Business and Common-Law Rights in ORB

12. Orb was founded in or around 1990–1991 and has developed, manufactured, marketed, and sold toys in the United States and abroad for decades, including creative activity toys, putty, squeeze toys, squishy toys, and other sensory products.

13. Orb has used ORB in the United States since at least as early as 1993 in connection with children's toys and related products. Orb has prominently displayed ORB as a source identifier in its product branding and promotional materials, including in connection with its toy collections. Through its longstanding use of ORB across its product lines, Orb has established consumer recognition and goodwill in the ORB Mark.

14. Orb has marketed different toy lines using ORB-formative marks, including ORB EASY SQWEEZY, ORB FUNKEE, ORB MOCHEEZ, ORB ORGAN-ICKS, ORB FLOWTONIA, ORB CLOUDPUFFZ, and ORB ARCADE.

15. Orb's ORB-branded goods are marketed and sold through national retail chains as well as specialty-toy retailers and online marketplaces. Orb's products have been marketed and sold in New York and throughout the United States.

16. Orb has promoted its toys through trade shows, product packaging, advertising, and national distribution.

17. Through its use, promotion, and distribution of ORB-branded toys, Orb has developed consumer recognition and valuable goodwill in ORB, such that ORB identifies Orb as

the source of its goods. Orb therefore owns protectable common-law rights in the ORB Mark, including through acquired distinctiveness.

18. Orb's rights in the ORB Mark arose before Defendant began the challenged uses of ORB in connection with the accused products.

**B. Orb's Federal ORB-Formative Registrations**

19. In addition to its common-law ORB Mark, Orb owns the following federal registrations and applications for ORB-formative trademarks in connection with toys and related goods:

| **Mark** | **U.S. Reg. No. / App. Serial No.** | **Representative Goods** |
|---|---|---|
| ORB EASY SQWEEZY | U.S. Reg. No. 8,209,849 | Squeeze toys; sensory toys (Class 28) |
| ORB FUNKEE | U.S. Reg. No. 8,286,506 | Stretchable and sensory-stimulating toys (Class 28) |
| ORB MOCHEEZ | U.S. Reg. No. 5,991,925 | Collectible toy figures and accessories (Class 28) |
| ORB ORGAN-ICKS | U.S. Reg. No. 6,175,941 | Toy putties, moldable gels, and related items (Class 28) |
| ORB FLOWTONIA | U.S. Reg. No. 6,201,830 | Toy putty and toy dough (Class 28) |
| ORB CLOUDPUFFZ | U.S. Reg. No. 6,176,544 | Toy figures and modeling sets (Classes 16 and 28) |
| ORB ARCADE | U.S. Reg. No. 6,584,752 | Collectible toy figures sold in capsules (Class 28) |
| ORB (Stylized Design) | App. Serial No. 99940267 | Squeeze toys; squishy toys; sensory toys; fidget toys; stress relief toys (Class 28) |

20. Copies of the U.S. registration records and applications for the ORB marks are attached as **Exhibit A**.

21. The ORB Registered Marks reflect the use of ORB in a range of distinct toy-product designations and supplement Orb's separately asserted common law rights in ORB.

**C. Defendant’s Use of ORB on Competing Sensory Toys**

22. Upon information and belief, Defendant markets, distributes, offers for sale, and/or sells sensory and squeeze toys under the J’Adore brand, including products bearing the designations “Spiky Squishy Orb” and “Magic Orb,” in a manner likely to cause confusion concerning the source, sponsorship, or affiliation of those products (the “Accused Products”).

23. Defendant uses ORB prominently in connection with the marketing, advertising, and sale of the Accused Products, including on product packaging and in online product listings.

24. The Accused Products directly compete with Orb’s sensory and squeeze toys and are marketed to the same general class of consumers through overlapping channels of trade, including national retailers, specialty-toy stores, and online marketplaces.

25. Orb has not licensed or authorized Defendant to use the ORB Trademarks in connection with the Accused Products.

**D. Likelihood of Confusion and Injury**

26. The challenged designations display ORB prominently on products closely related to Orb’s own toys. Given Orb’s prior source-identifying use, the similarity of the challenged designations, the competing goods, and the overlapping channels and purchasers, consumers are likely to be confused about the source, sponsorship, affiliation, or approval of the Accused Products.

27. The Accused Products and Orb’s ORB-branded goods are offered through overlapping retail channels, reinforcing the likelihood of confusion.

28. On information and belief, Defendant knew of Orb’s prior ORB use and deliberately adopted or continued the Accused Products’ names to capitalize on Orb’s goodwill.

29. Defendant's challenged uses interfere with Orb's ability to control the goodwill and source-identifying significance of its ORB Mark and threaten continuing confusion in the marketplace.

30. Upon information and belief, Defendant has derived revenue from the marketing, distribution, and sale of the Accused Products.

**COUNT I**
**Federal Registered Trademark Infringement (15 U.S.C. § 1114(1))**

31. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

32. Plaintiff owns valid, subsisting United States registrations covering squeeze toys and sensory toys.

33. Without Plaintiff's consent, Defendant uses the designations "Spiky Squishy Orb" and "Magic Orb" to advertise, distribute, or sell competing squeeze and sensory toys.

34. By reason of the parties' competing goods, overlapping consumers and trade channels, and the source-identifying significance of ORB in Plaintiff's registered marks and commercial presentation, Defendant's challenged use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of the Accused Products with Plaintiff, in violation of 15 U.S.C. § 1114(1).

35. Defendant's conduct has injured and threatens to continue injuring Plaintiff, entitling Plaintiff to relief as permitted by 15 U.S.C. §§ 1116–1118.

**COUNT II**
**False Designation of Origin (15 U.S.C. § 1125(a)(1)(A))**

36. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

37. Through prior and continuing use in U.S. commerce, Plaintiff owns valid and protectable common-law rights in the ORB Mark in connection with toys, including sensory and squeeze toys. The ORB Mark identifies Plaintiff as the source of goods bearing that designation and has acquired substantial goodwill and, to the extent necessary, secondary meaning.

38. Defendant uses ORB in connection with the promotion, marketing, distribution, offering for sale, or sale of competing sensory and squeeze toy products without Plaintiff's authorization.

39. Defendant's use is likely to cause confusion, mistake, or deception concerning the origin, source, affiliation, connection, sponsorship, or approval of Defendant's products, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

40. As a direct and proximate result, Plaintiff has suffered and is likely to continue suffering harm to its goodwill and ability to control its ORB Mark, and is entitled to appropriate relief.

## COUNT III
## Federal Unfair Competition (15 U.S.C. § 1125(a)(1)(A))

41. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

42. Defendant's use of ORB in connection with competing sensory and squeeze toys is likely to mislead consumers about an association with Plaintiff or about Plaintiff's sponsorship or approval.

43. By engaging in the conduct alleged herein, Defendant has unfairly competed with Plaintiff and violated 15 U.S.C. § 1125(a)(1)(A), causing injury to Plaintiff and its goodwill.

## COUNT IV
## Trademark Infringement Under New York Common Law

44. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

45. Plaintiff owns protectable common-law trademark rights in the ORB Mark arising from its use of the mark in commerce, including in New York, in connection with toys and related goods.

46. Defendant's unauthorized use of ORB in connection with its competing Accused Products is likely to cause confusion as to source, affiliation, sponsorship, or approval, and constitutes trademark infringement under New York common law.

47. As a result of Defendant's conduct, Plaintiff has sustained and is threatened with continuing injury for which injunctive and other relief is appropriate.

**COUNT V**
**Unfair Competition Under New York Common Law**

48. Plaintiff repeats and realleges the preceding allegations as though fully set forth herein.

49. On information and belief, Defendant adopted or maintained the challenged ORB-containing product designations in bad faith to exploit Plaintiff's goodwill.

50. By the foregoing conduct, Defendant has attempted to misappropriate Plaintiff's goodwill and unfairly compete with Plaintiff in violation of New York common law.

51. Defendant's conduct has caused and threatens to continue causing injury to Plaintiff's business and goodwill.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands judgment in its favor and against Defendant as follows:

A. Preliminary and permanent injunctive relief under 15 U.S.C. § 1116 and applicable New York law enjoining Defendant and persons acting in active concert or participation with Defendant who receive actual notice from using "Spiky Squishy Orb," "Magic Orb," or other designations incorporating ORB in a manner likely to cause confusion with Plaintiff's protectable trademark rights in connection with sensory, squeeze, or closely related toys;

B. An order directing Defendant to cease the challenged marketing, distribution, and sales; to remove or correct infringing packaging, advertisements, retailer listings, and promotional materials within its possession, custody, or control; and to undertake appropriate corrective, withdrawal, or recall measures to eliminate likely consumer confusion, as the Court deems just;

C. An order directing Defendant to deliver for destruction, or other appropriate disposition under 15 U.S.C. § 1118, infringing labels, packaging, displays, and promotional materials to the extent authorized by law;

D. An order under 15 U.S.C. § 1116(a) requiring Defendant to file with the Court and serve upon Plaintiff a written report under oath setting forth its compliance with any injunction within thirty days after service of the order, or such other period as the Court directs;

E. An accounting of Defendant's profits attributable to the alleged unlawful conduct, Plaintiff's proven damages, and any enhancement available under 15 U.S.C. § 1117(a), subject to the statute's equitable and evidentiary requirements;

F. That in accordance with 15 U.S.C. § 1117(a), Defendant be ordered to:

(1) Account for and pay over to Orb three times all of the gains, profits, savings, and advantages realized by Defendant from its unlawful activities;

(2) Pay over to Orb treble damages sustained by Orb from Defendant's unlawful activities;

(3) Reimburse Orb for the costs of this action; and

(4) Reimburse Orb for any reasonable attorney's fees and costs incurred as a result of Defendant's unlawful activities, including all attorney's fees and costs incurred during this action;

G. That Orb be awarded both pre-judgment and post-judgment interest on any monies to be paid to Orb by Defendant;

H. An Order awarding Orb compensatory damages and other relief as may be available under New York law including punitive and exemplary damages as permitted by New York law;

I. A Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Orb its reasonable costs and attorneys' fees based thereon;

J. That Orb be awarded such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Orb hereby demands a trial by jury of all issues so triable.

Dated: November 4, 2026

Respectfully Submitted,

*/s/ Armin Ghiam*

Armin Ghiam
Sarah F. Spellman
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: aghiam@hunton.com
sspellman@hunton.com

*Counsel for Plaintiff*
*The Orb Factory Limited*